UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

W. Daniel Mayes,  Esquire

               Petitioner,

Judith Rauton

               Plaintiff,

     v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

               Defendant.

C/A No. 2:04-1685-GRA-RSC

ORDER
(Written Opinion)

    Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case pursuant to 42 U.S.C. §406(b).  Plaintiff's attorney seeks $13,759.55 in attorney's fees.  The Plaintiff was awarded $71,038.20 in back Title II benefits, of which a total of $17,759.55 has been withheld to pay attorney's fees. The requested amount constitutes less than 25 percent of the benefits awarded to the plaintiff.

    Under §406(b)(1)(A) the attorney is entitled to "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits."  The Supreme Court has held that if a contingent fee agreement exists between the parties, this agreement is the proper starting place for determining what constitutes a reasonable fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, (2002).  The amount agreed to by the parties should be

1

reduced only if the court finds it to be unreasonable. *Gisbrecht* at 808.

Plaintiff's attorney has previously been awarded fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412 in the amount of $3732.01 by Order of this Court filed on April 5, 2005. The contingent fee agreement between the plaintiff and his attorney called for 25% of the past-due benefits awarded, which is the maximum that the attorney can seek under 406(b). The government does not oppose an award of attorney's fees to petitioner.

After a review of the record and plaintiff's attorney's petition, this Court finds that an award of attorney's fees in the amount requested is reasonable. Further this Court was notified by motion filed on January 10, 2006 that the Commissioner erroneously released fees to the Plaintiff that should have been withheld for payment of attorney's fees pursuant to the instant petition.

IT IS THEREFORE ORDERED that Plaintiff's attorney be awarded thirteen thousand seven hundred and fifty nine dollars and fifty five cents ($13,759.55) minus $3732.01 awarded pursuant to the EAJA, for a total of ten thousand twenty seven dollars and fifty four cents ($10,027.54) in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

2

February , 2006